UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Samuel Bowens

    v.                                                            Case No. 16-cv-514-JL

Warden, FCI Berlin

**REPORT AND RECOMMENDATION**

    Samuel Bowens is an inmate in the Federal Correctional Institution in Berlin, New Hampshire. Having been convicted of four federal drug offenses in the Western District of North Carolina, he is serving a sentence of 262 months.[1] Appearing pro se, Bowens petitions this court for a writ of habeas corpus under the provisions of 28 U.S.C. § 2241. Before this magistrate judge for a report and recommendation is respondent's motion to dismiss. Petitioner objects. For the reasons that follow, respondent's motion to dismiss should be granted.

**I. Background**

    This case began when Bowens, and 15 other defendants, were charged with: (1) "one count of conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base,"

---

[1] He was initially sentenced to 324 months, but in an order dated January 28, 2016, Judge Voorhees reduced Bowens' sentence to 262 months, pursuant to Amendment 782 of the United States Sentencing Guidelines, which reduced his base offense level from 36 to 34.

United States v. Bowens (Bowens I), 425 F. App'x 205, 206 (4th Cir. 2011); and (2) "three counts of possession with intent to distribute a quantity of cocaine base and aiding and abetting," id. "After the return of the Indictment, the Government served [Bowens] with notice of its intention to seek enhanced penalties pursuant to 21 U.S.C. § 851, based on a prior North Carolina drug conviction . . . ." Bowens v. United States (Bowens II), Nos. 5:12-CV-00123-RLV & 5:07-CR-00050-RLV-DSC-14, 2015 WL 3882342, at *1 (W.D.N.C. June 16, 2015).[2]  That enhancement exposed Bowens to a statutory mandatory minimum sentence of 20 years rather than the 10-year mandatory minimum that is applicable without the enhancement.  See 21 U.S.C. § 841(b)(1)(A).  Bowens was convicted on all four of the charges against him and thereafter was sentenced.  As for the mechanics of Bowens' sentencing:

> Following entry of the verdict, a probation officer ["PO"] prepared a presentence report ("PSR") in which [following the U.S. Sentencing Guidelines, the PO] calculated a base offense level of 36 due to the quantity of drugs for which [Bowens] was held responsible, and found a criminal history category of VI, resulting in a Guidelines range of 324 to 405-months' imprisonment.  Petitioner was sentenced to 324-months in prison on each count, to be served

---

[2] 21 U.S.C. § 851 is the statute directing the United States attorney to file a notice of his or her intention to seek an enhanced sentence.  The sentence enhancement itself is described in 21 U.S.C. § 841(b)(1)(A).  Accordingly, in the balance of this order, the court will refer to the "§ 841 enhancement" and to "§ 851 notice."

concurrently.

Bowens II, 2015 WL 3882342, at *1. The PSR does not appear to be a part of the record, and neither party has described the specific findings that led to Bowens' being assigned a criminal history category of VI. Be that as it may, Bowens was given a Guidelines sentence that exceeded the enhanced statutory mandatory minimum sentence that was the subject of the Government's § 851 notice.

Bowens appealed, raising four claims of error, including this one: "the district court erred in overruling his objection to the § 841 sentence enhancement because the underlying state felony conviction was not a proper predicate for the purposes of § 841." Bowens I, 425 F. App'x at 209. The Court of Appeals disagreed, see id. at 210, and Bowens' "judgment was affirmed in all respects," Bowens II, 2015 WL 3882342, at *1.

Next, Bowens filed a motion pursuant to 28 U.S.C. § 2255. In it, he raised several grounds for relief, including a claim that

> he [was] entitled to sentencing relief based on the Fourth Circuit's en banc opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) . . . [because under Simmons,] his prior North Carolina drug conviction, for which he was sentenced to a suspended term of 8 to 10 months' imprisonment, [did] not qualify him for a mandatory-minimum sentence of 20-years under 21 U.S.C. § 841(b)(1)(A), because the conviction [was] no longer considered a "felony drug

3

> offense" under federal law because he could not have been sentenced to more than one year in prison.

Bowens II, 2015 WL 3882342, at *1. While Bowens claimed that under Simmons, it was improper to use his North Carolina conviction to trigger a § 841(b)(1)(A) sentence enhancement, he did not claim that the holding in Simmons invalidated the criminal history finding in the PSR.[3] In his order denying Bowens relief under § 2255, Judge Voorhees recited the holding in Simmons, but ruled that Bowens'

> contention that he [was] entitled to sentencing relief based on the en banc Simmons opinion [was] without merit because his prior state drug conviction had no impact on his ultimate sentence based on the fact that he was sentenced pursuant to his Guidelines range of 324 to 405 months, and only after the Court refused to depart below this range.

Id. at *2. Judge Voorhees went on to explain that "in light of the denial of [Bowens'] motion for a departure below the low-end of the Guidelines range, the specter of the mandatory statutory minimum sentence was harmless." Id. Bowens appealed, and the Fourth Circuit dismissed his appeal. See United States v. Bowens (Bowens III), 624 F. App'x 91 (2015) (per curiam).

---

[3] In his petition, Bowens asserts that "throughout the rest of his collateral attacks he alerted the court that he was sentenced under an incorrect guideline range," Pet. 19, but the court has reviewed Bowens' § 2255 petition, and it found no mention of that issue.

4

This petition followed. In his cover sheet, Bowens lists two grounds: (1) "Petitioner is serving an illegal sentence based on an erroneous § [841] enhancement," Pet. (doc. no. 1) 6 of 38; and (2) ineffective assistance of counsel, see id. at 7 of 38. However, petitioner has informed the court that he is pursuing only the first of those two grounds for relief. See Pet'r's Resp. (doc. no. 9).

Because Bowens has already been denied relief on a § 2255 motion, this court's jurisdiction over his § 2241 petition is an issue. See 28 U.S.C. § 2255(e). To establish this court's jurisdiction, petitioner relies upon the so-called "savings clause" in § 2255(e) in conjunction with the United States Supreme Court's decision in Molina-Martinez v. United States, 136 S. Ct. 1338 (2016), which, according to petitioner, invalidates his sentence, but was not issued until after he had fully litigated his § 2255 petition.

## II. Discussion

Respondent moves to dismiss, arguing that even if the court has jurisdiction to consider Bowens' petition, the petition should be dismissed because it fails on the merits. The court declines to reach the merits because it lacks jurisdiction over Bowens' petition.

Ordinarily, jurisdiction to consider a post-conviction challenge to the validity of a federal conviction or sentence rests with the court in which a defendant was convicted and sentenced.  See 28 U.S.C. § 2255(a).  Bowens was convicted and sentenced in the Western District of North Carolina, not this forum.  However, the statute that grants jurisdiction over motions for post-conviction relief includes a savings clause which "preserves a limited role for the court in the district of a federal inmate's incarceration to consider a § 2241 petition challenging the validity of an inmate's detention." Cordero v. Tatum, No. 15-cv-501-LM, 2016 WL 3511555, at *2 (D.N.H. May 20, 2016), R. & R. approved by 2016 WL 3512146 (June 22, 2016).  The savings clause provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).  As for how to evaluate the adequacy and effectiveness of a § 2255 motion:

> [A]dequacy and effectiveness must be judged ex ante . . . [P]ost-conviction relief can be termed "inadequate" or "ineffective" only when, in a particular case, the configuration of section 2255 is such "as to deny a convicted defendant any opportunity for judicial rectification." Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (citation omitted).  If nothing prevented the petitioner from raising his § 2241 claims in a first § 2255 motion, he

6

> cannot prevail in asserting that the § 2255 process has been inadequate or ineffective to challenge his detention. See generally Bryant [v. Warden], 738 F.3d [1253,] 1272 [(11th Cir. 2013)]; see also [United States v.] Barrett, 178 F.3d [34,] 53 [(1st Cir. 1999)].

Cordero, 2016 WL 3511555, at *2.

So, the question here is whether Bowens was prevented from raising the claim he asserts in this petition in his § 2255 motion. He was not.

In a nutshell, petitioner's claim is that: (1) the North Carolina conviction that prompted the government to file a § 851 notice was also used to find his criminal history category under the Guidelines; (2) Simmons invalidated that conviction as a predicate for a § 841 sentence enhancement and as a basis for finding his criminal history category; and (3) reliance upon that conviction when finding his criminal history category improperly inflated his criminal history, which resulted in his being sentenced under a Guidelines range that was higher than the one that was actually applicable. Petitioner has not provided the court with the portion of his PSR that pertains to his criminal history, and he cites no authority for the proposition that a prior conviction that does not trigger a § 841 sentence enhancement is also off limits for the purpose of finding a defendant's criminal history category under the Guidelines. However, the court assumes, without deciding, that

that if the PO had considered the ruling from Simmons when preparing Bowens' PSR, the PO would have found a criminal history category of V rather than VI, and would have calculated a Guidelines range of 292 to 365 months rather than 324 to 405 months. According to petitioner, this court has jurisdiction over his claim because "[p]rior to Molina-Martinez, [he] would not have received the relief he always sought because as stated, the Fourth Circuit treated the error as harmless." Pet. 19. The court does not agree.

In Molina-Martinez, when the petitioner was sentenced in the district court, the court "applied a Guidelines range higher than the applicable one." 136 S. Ct. at 1341. That mistake went undetected at trial, and "was first noted when, during briefing to the Court of Appeals for the Fifth Circuit, petitioner himself raised the mistake." Id. But:

> The Court of Appeals refused to correct the error because, in its view, petitioner could not establish a reasonable probability that but for the error he would have received a different sentence. Under that court's decisions, if a defendant's ultimate sentence falls within what would have been the correct Guidelines range, the defendant, on appeal, must identify "additional evidence" to show that use of the incorrect Guidelines range did in fact affect his sentence. Absent that evidence, in the Court of Appeals' view, a defendant who is sentenced under an incorrect range but whose sentence is also within what would have been the correct range cannot demonstrate he has been prejudiced by the error.

Id. After describing the approach in the Fifth Circuit, the Court went on to note:

> Most Courts of Appeals have not adopted so rigid a standard. Instead, in recognition of the Guidelines' central role in sentencing, other Courts of Appeals have concluded that a district court's application of an incorrect Guidelines range can itself serve as evidence of an effect on substantial rights. See, e.g., United States v. Sabillon-Umana, 772 F.3d 1328, 1333 (C.A.10 2014) (application of an erroneous Guidelines range "'runs the risk of affecting the ultimate sentence regardless of whether the court ultimately imposes a sentence within or outside'" that range); United States v. Vargem, 747 F.3d 724, 728–729 (C.A.9 2014); United States v. Story, 503 F.3d 436, 440 (C.A.6 2007). These courts recognize that, in most cases, when a district court adopts an incorrect Guidelines range, there is a reasonable probability that the defendant's sentence would be different absent the error. This Court granted certiorari to reconcile the difference in approaches.

Id. at 1341–42. In reconciling the circuit split, the Supreme Court observed that "[t]he Court of Appeals for the Firth Circuit stands generally apart from other Courts of Appeals with respect to its consideration of unpreserved Guidelines errors," and held "that its approach is incorrect." Id. at 1345. That is, the court held that

> [w]hen a defendant is sentenced under an incorrect Guidelines range – whether or not the defendant's ultimate sentence falls within the correct range – the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error.

Id.

9

Petitioner's reliance upon Molina-Martinez is unavailing because he has identified nothing in that opinion that removed a legal impediment to his having claimed, in his § 2255 motion, that he had been sentenced under an incorrect Guidelines range. Molina-Martinez stands for the proposition that "a defendant sentenced under an incorrect Guidelines range should be able to rely on that fact to show a reasonable probability that the district court would have imposed a different sentence under the correct range." 136 S. Ct. at 1349. The Court reached that conclusion in the context of rejecting the Fifth Circuit's reasoning "that, when a correct sentencing range overlaps with an incorrect range, the reviewing court does not assume, in the absence of additional evidence, that the sentence imposed affects a defendant's substantial rights." Id. at 1344-45 (quoting United States v. Molina-Martinez, 588 F. App'x 333, 335 (5th Cir. 2014); citing United States v. Blocker, 612 F.3d 413, 416 (5th Cir. 2010)) (internal quotation marks and brackets omitted). But petitioner identifies no Fourth Circuit analog to the Fifth Circuit decision that the Supreme Court reversed in Molina-Martinez that would have made it pointless for him to have argued, in his § 2255 motion, that the sentencing court erred by adopting an incorrect Guidelines range.[4] In other

---

[4] Not only has petitioner failed to identify any Fourth

words, there is no reason to think that the district court would have used the legal principle overturned by Molina-Martinez to dismiss a § 2255 claim that Bowens had been placed in an incorrect criminal history category and sentenced under the wrong Guidelines range.

For his part, petitioner heralds the Supreme Court's rejection of the Fifth Circuit's harmless-error rule in Molina-Martinez, and appears to argue that Molina-Martinez invalidates the harmless-error analysis the district court used to dismiss his § 2255 petition. But Bowens did not claim in his § 2255 petition that he was sentenced under the wrong Guidelines range, and, while Judge Voorhees called "the specter of the mandatory statutory minimum sentence . . . harmless," Bowens II, 2015 WL 3882342, at *2, he identified no error committed during Bowens' sentencing, and thus did not engage in a harmless-error analysis with regard to the issue of a § 841 sentence enhancement. Rather, he said that whether or not Bowens qualified for a § 841 enhancement was irrelevant "because his prior state drug conviction had no impact on his ultimate sentence based on the fact that he was sentenced pursuant to his Guidelines range of

---

Circuit analog, the court's own research has revealed no such authority. Moreover, the Supreme Court identified the Fifth Circuit's position as an outlier among the circuits that had addressed the issue. See Molina-Martinez, 136 S. Ct. at 1345.

324 to 405 months, and only after the Court refused to depart below this range." Id.  In other words, Judge Voorhees never ruled that Bowens was given a sentence within the wrong Guidelines range, but that the error was harmless because the sentence also fell within the correct Guidelines range, which is the Fifth Circuit harmless-error analysis that was invalidated by Molina-Martinez.

In short, the Supreme Court's decision in Molina-Martinez did not open a path to legal relief for Bowens that had previously been closed to him.  Because there was nothing to prevent Bowens from challenging the criminal history finding adopted by the sentencing court in his § 2255 motion, the § 2255 process was neither inadequate nor ineffective to challenge his detention.  Accordingly this court lacks jurisdiction to consider a § 2241 petition that raises that issue.  See 28 U.S.C. § 2255(e).

### III. Conclusion

Because this court lacks jurisdiction to consider Bowens' petition, respondent's motion to dismiss, document no. 6, should be granted, and the clerk of the court should be directed to close this case.

Any objection to this report and recommendation must be filed within 14 days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file an objection within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

/s/ Andrea K. Johnstone
Andrea K. Johnstone
United States Magistrate Judge

January 11, 2018

cc:   Samuel Juvan Bowens, pro se
      Seth R. Aframe, Esq.